UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. RAMIREZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>LOPEZ,<br><br>                    Defendant. | No.  2:20-cv-0411 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is incarcerated at the Stanton Correctional Facility in Solano County, and is proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983.  On May 19, 2020, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended complaint.  Subsequently, plaintiff filed a second amended complaint which did not bear his signature.  Plaintiff was provided another opportunity to file an amended complaint bearing his signature, and was advised that failure to do so would result in the recommendations being routed to the district court for review and adoption.  (ECF No. 27.)  Plaintiff has now filed a second amended complaint bearing his signature.  Therefore, the findings and recommendations are vacated, and the court screens plaintiff's amended complaint.

As set forth below, plaintiff has failed to state a claim under § 1983, and despite multiple attempts to do so, cannot state a cognizable federal civil rights claim.  Accordingly, this court recommends this action be dismissed.

1

I. Multiple Amended Complaints

Since plaintiff was granted leave to file a second amended complaint bearing his signature, plaintiff has filed multiple amended complaints, all bearing the title "Second Amended Complaint." (ECF Nos. 28, 31, 35, 37, 39, 41.) Plaintiff is advised that Rule 15 of the Federal Rules of Civil Procedure provides that plaintiffs may amend once as a matter of right under certain circumstances. Fed. R. Civ. P. 15(a). It is not clear why plaintiff continued to file amended complaints, some of which appear to be almost identical. However, in an abundance of caution, the undersigned will proceed on plaintiff's last amended complaint, filed July 13, 2020. (ECF No. 41.)

II. Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by Twombly and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

III. Plaintiff's Allegations

Plaintiff names Vacaville Police Officer Lopez and the Vacaville Police Department as defendants. While not entirely clear, plaintiff appears to allege that defendants violated plaintiff's Fourth Amendment right to be free of searches by illegally recording plaintiff for three months, and then illegally searching plaintiff's mother's home without probable cause or a search warrant. (ECF No. 41 at 3.) Plaintiff claims he was set up on false charges.

In his second claim, plaintiff alleges that defendants violated plaintiff's Fifth Amendment right to be free of double jeopardy and subjected him to cruel and unusual punishment in violation of the Eighth Amendment by tampering with evidence and falsifying charges against plaintiff. Plaintiff also contends defendant Lopez falsely testified at plaintiff's trial.

3

In his third claim, plaintiff alleges that defendants violated his Sixth Amendment right to a speedy trial. Plaintiff claims that he requested a speedy trial from the court on December 23, 2019, complaining that his defense counsel failed to file various motions. Plaintiff alleges that on January 31, 2020, Casey L. Kozoll, apparently plaintiff's defense attorney, "lied to [the] judge saying [plaintiff] is incompetent to stand trial and had a mental health lady make a false report." (ECF No. 41 at 5.) Plaintiff claims he never spoke to the lady. It appears that plaintiff's March 9, 2020 trial date did not happen because he was deemed to be incompetent to stand trial.

As relief, plaintiff seeks various orders as to defendant Lopez, as well as money damages.

IV. Discussion

Plaintiff alleges multiple claims in his complaint, but all involve his pending state court criminal proceedings. Plaintiff's claims appear to challenge pre-arrest proceedings (i.e., entrapment by "federal agents"), the conduct of witnesses at court proceedings (i.e., false testimony, manufactured evidence), the conduct of his counsel, the conduct of the judge (i.e., violating of right to a speedy trial), and an apparent determination that he is incompetent to stand trial. None of these allegations state claims that are cognizable in an action under 42 U.S.C. § 1983.

Federal courts may not interfere with pending state criminal cases, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37 (1971). If the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case, irreparable injury does not exist. Further, "even irreparable injury is insufficient [to allow interference] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). None of plaintiff's allegations demonstrate such extraordinary circumstances.

In addition, to the extent plaintiff seeks a release from custody, any challenge to the legality of his custody must be raised in a petition for a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff is advised that he may not seek habeas relief in this court until he has exhausted his state court

////

remedies by giving the California courts a full and fair opportunity to rule on his claims. 28 U.S.C. § 2254(b)(1); Picard v. Connor, 404 U.S. 270, 276 (1971).

Finally, to the extent plaintiff seeks damages for currently being in custody, plaintiff is informed that he cannot proceed on a §1983 claim for damages if the claim implies the invalidity of such custody. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). In other words, before plaintiff may bring suit for damages based on his claims herein, he must first succeed on a habeas petition challenging the basis for his custody.

For all of the above reasons, plaintiff's complaint should be dismissed. Because this court finds plaintiff cannot succeed on any challenge under § 1983 to his pending state criminal case, permitting plaintiff to further amend the complaint would be futile. Dismissal should be without leave to amend.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that the May 19, 2020 findings and recommendations (ECF No. 18) are vacated.

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2020

/rami0411.dm

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5